IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TISDALE,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN LOGISTICS AND ABDUL RAHMAN AL-GHANIM,<br><br>    Defendant.<br>_____/ | No. C07-80051 MJJ<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DECLARATION OF DEFAULT PURSUANT TO 33 U.S.C. § 918(a)** |

## INTRODUCTION

Before the Court is John Tisdale's ("Petitioner") Petition for Entry of Judgment in Accordance with Declaration of Default Pursuant to 33 U.S.C. § 918(a) ("Petition"). (Docket No. 1.) American Logistics Services and Abdul Rahman Al-Ghanim (collectively, "Respondents") oppose the Petition. For the following reasons, the Court **GRANTS** the Petition.

## FACTUAL BACKGROUND

In 2006, Petitioner secured a compensation award ("Compensation Order") under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. §§ 901-50, as extended by the Defense Base Act, 42 U.S.C. §§ 1651-54, against Respondents after formal proceedings before an Administrative Law Judge ("ALJ"). (Pet.'s Resp. to Order to Show Cause ("Pet.'s Resp.") at 2.) The Compensation Order required Respondents to compensate Petitioner for unpaid disability and medical benefits for an on-the-job injury.

Shortly after the ALJ issued the Compensation Order, Respondents appealed the ALJ's

decision and sought a stay of their payment obligation to the Benefits Review Board ("Board"). (*Id*.) The Board denied Respondents' request for a stay on December 7, 2006. (*Id.*) Respondents, however, still refused to pay Petitioner. (*Id*.) Petitioner therefore requested a supplementary order from the District Director of the Department of Labor's Office of Workers' Compensation Program. (*Id.*) On February 7, 2007, the District Director issued Petitioner a supplementary order declaring Respondents' default and ordering Respondents to pay the award set forth in the Compensation Order, plus additional penalties and interest provided for in the Act ("Supplementary Order"). (*Id*.; *see* Petition, Ex. A).

On February 13, 2007, Petitioner filed this Petition requesting that the Court enforce the Supplementary Order under 33 U.S.C. § 918(a). (Petition at 2.) On April 30, 2007, and before the Court responded to Petitioner's request, the Board vacated the Compensation Order and remanded the matter to the ALJ for a new evidentiary hearing (*See* Docket No. 12, Part 2.) Petitioner subsequently filed a Motion for Reconsideration of the Board's disposition of the case, which was denied on October 24, 2007. (*See* Notice of Decision and Request for Denial of Petition for Entry of Judgment ("Notice") at Exh. 1.) Respondents filed the Notice with this Court on November 20, 2007, along with a request that the Court find the Petition moot. (*See id.* at 1.) Specifically, Respondents argue that it is apparent that Petitioner does not intend to appeal the Board's decision because the Board denied Petitioner's Motion for Reconsideration and, once this occurred, Petitioner asked the Board to immediately return the record to the ALJ. (*See id*. at 1.) Thus, given that the Board vacated the ALJ's decision, Respondents contend there is nothing for this Court to enforce. (*See id.*)

On December 20, 2007, the Court issued an Order to Show Cause ("OSC") requesting that Petitioner show why the Petition is not moot, despite the fact that the Board vacated and remanded the Compensation Order upon which the Supplementary Order is based. (Docket No. 15.) Petitioner responded to the OSC on January 18, 2008. (Docket No. 16.)   Responded filed an opposition to Petitioner's response on February 27, 2008. (Docket No. 17.)

## LEGAL STANDARD

Under the Act, an employee may seek compensation from an employer, in a hearing before

2

an ALJ, for injuries sustained while working. *See* 33 U.S.C. §§ 901–950; *Schmitt v. ITT Fed. Elec. Int'l*, 986 F.2d 1103, 1104 (1993). If the ALJ awards compensation, the employer may appeal the decision to the Board. *See* 33 U.S.C. § 921 (3)–(4); *Schmitt*, 986 F.2d at 1104. Simultaneously, when an employee obtains a compensation order and the employer does not pay the award for a period of thirty days "the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default." 33 U.S.C. § 918(a); *see also Geary v. Jeffboat, Inc.*, 620 F. Supp 41, 42 (1985).

Upon such request, the District Director "determine[s] whether payment under a compensation order is due, whether the employer has defaulted in payment and then must calculate the amount in default and assess a penalty." *Geary*, 620 F. Supp at 42. In this determination, the District Director also determines whether the ALJ's underlying compensation order is "effective" and a "final decision and order" of the ALJ. *Severin v. Exxon Corp.*, 910 F.2d 286, 289 (1990) (quoting 20 C.F.R. § 702.348 (1989)); *Kehl v. Martin Paving Co.*, No. 98-1243-CIV-ORL-18B, 1999 WL 395322, at *2 (M.D. Fla. May 4, 1999). A final decision of the ALJ is one that "at a minimum specif[ies] the amount of compensation due or provide[s] a means of calculating the correct amount without resort to extra-record facts which are potentially subject to genuine dispute between the parties." *Severin*, 910 F.2d at 289 (quoting 20 C.F.R. § 702.348 (1989)).

When a District Director issues a supplementary order, "[t]he applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred." 33 U.S.C. § 918(a). The district court "shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law." *Id.* Courts have found that a supplemental compensation order is "in accordance with the law" when the District Director "investigate[s] the claimant's application, provide[s] notice of the claim to interested persons, and give[s] the parties an opportunity for a hearing in the manner." *Abbott v. Louisiana Ins. Guar. Ass'n*, 889 F.2d 626, 629 (5th Cir. 1989); *see also Severin*, 910 F.2d at 289. In this determination, district courts may also

consider whether the District Director was satisfied that the compensation order was not timely paid and whether the Board issued a stay of payments. *Severin*, 910 F.2d at 289.

If the supplemental order is in accordance with law, "the district court must enforce it, despite the procedural or substantive errors that [the] ALJ may have made in arriving at the underlying compensation order." *Severin*, 910 F.2d at 290. Further, "the district court's scope of review in section 918(a) enforcement proceedings is limited to the lawfulness of the supplemental order. . . ." *Id.* (quoting *Abbott*, 889 F.2d at 630) (emphasis added).

If a party wishes to challenge the "procedural or substantive correctness of the underlying compensation order," the Board is the "proper forum" not the district court. *Id.* (quoting *Abbott*, 889 F.2d at 630). To allow district courts to review underlying compensation orders before enforcing supplemental orders "could cause additional delay and expense and frustrate Congress' intent to get compensation into the injured workers' hands as quickly as possible." *Schmitt*, 986 F.2d at 1106 (quoting *Abbott,* 889 F.2d at 629). Only when a "certified copy" of a "later compensation order" is presented to the court may it modify an earlier judgment based on a supplementary order. 33 U.S.C. § 918(a).

## ANALYSIS

**I.     The Supplementary Order Is Valid And Enforceable.**

Respondents contend that the Petitioner's request for enforcement of the Supplementary Order is moot because the Board vacated the underlying Compensation Order and Petitioner is not appealing that decision. (Notice at 1.) Petitioner contends that the Court must still enforce the Supplementary Order because, inter alia, it remains enforceable and Petitioner intends to pursue judicial review of the Board's decision after the ALJ conducts proceedings according to the Board's remand instructions. (Pet.'s Resp. to Order to Show Cause, "Resp.," at 3–4.) For the following reasons, the Court finds that the Supplementary Order is enforceable, not moot, and entered in accordance with the law.

At the outset the Court notes that there is no indication, in the relevant statutes or case law, that the Board's decision vacating the Compensation Order undermines the efficacy of the Supplementary Order. Rather, the statutory framework indicates that the appeal process of the

4

1 underlying Compensation Order is intended as a separate procedure from the issuance, and
2 enforcement, of a Supplementary Order. As noted above, the Court may not assess the procedural or
3 substantive correctness of an underlying compensation order. *Severin*, 910 F.2d at 290 (quoting
4 *Abbott*, 889 F.2d at 630). Instead, the Court's power is limited to enforcement of supplementary
5 orders that are in accordance with law under 33 U.S.C. § 918(a). *Id*. (quoting *Abbott*, 889 F.2d at
6 630). While this outcome seems odd at first blush, given that the Board vacated the underlying
7 Compensation Order and remanded the matter to the ALJ, it is consistent with the purposes of §
8 918(a): to compensate injured workers quickly and prevent the delay and expense that may result if
9 district courts can assess the validity of underlying orders. *Schmitt*, 986 F.2d at 1106 (quoting
10 *Abbott,* 889 F.2d at 629). In addition, while the Board vacated the underlying Compensation Order,
11 there is no indication on this record that there is a new or modified compensation order that would
12 allow the Court to modify the requested judgment. *See* 33 U.S.C. § 918(a) ("The court shall modify
13 such judgment to conform to any later compensation order upon presentation of a certified copy
14 thereof to the court.") Thus, if the Court finds that the Supplementary Order was issued in
15 accordance with the law, the Court is obligated to enforce it and enter judgment in favor of
16 Petitioner.[1] *Id*.

17 Here, Respondents argue that the Supplementary Order is not in accordance with law
18 because there were errors in the process before the ALJ. Respondents put forth no other reasons
19 why the issuance of the Supplementary Order was not in accordance with the law. As noted above,
20 the Court cannot assess the procedural or substantive merits of the Compensation Order issued by
21 the ALJ. *Severin*, 910 F.2d at 290 (quoting *Abbott*, 889 F.2d at 630). Thus, Respondents'
22 arguments regarding the underlying Compensation Order are unavailing. In addition, Respondents
23 do not suggest, nor does the Court find on this record, that the District Director failed to investigate
24 Petitioner's application, failed to provide notice to Respondent of Petitioner's claim, or failed to give
25 the parties an opportunity to be heard. Furthermore, the record suggests that Respondents did not

---

[1] The Court does, however, recognize the unique procedural posture of this matter and finds that Respondent's contentions carry a great deal of logical force. However, given the legal authority on the issue, the Court cannot find that a supplementary order, which was *issued* in accordance with the law but is based on a compensation order that was *later* vacated, is unenforceable. Therefore, Respondents' arguments, given the current status of Ninth Circuit precedent on this question, are more properly made to the appellate court.

5

pay the Compensation Order within the requisite time period and that the Board denied a stay of payments. (*See* Petition, Exh. A.) Therefore, on this record, the Court finds that the Supplementary Order was issued "in accordance with law" and the Court must enforce it under 33 U.S.C. § 918(a).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition. Specifically, the Court orders Petitioner to comply with the February 7, 2007 Supplementary Order, attached as Exhibit A to the Petition, in this matter. The Clerk is directed to enter judgment in favor of Petitioner and close the file.

**IT IS SO ORDERED.**

Dated: April 3, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE